IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | |
| JOHN WESLEY ROBINSON JR., | * | CRIMINAL NO.  CCB 08-cr-0586 |
| | * | |
| Defendant | * | |
| | * | |
| | ******* | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTIONS TO SUPPRESS EVIDENCE AND STATEMENTS

The United States of America, by and through its counsel, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Clinton J. Fuchs, Assistant United States Attorney for said district, respectfully submits this Opposition to Defendant's Motions to Suppress Evidence and Statements, and in support, submits the following:

### I.  Background

On June 19, 2008, at 8:19 pm, Officers Matthew Herman and Eric Oswald of the Baltimore Police Department were patrolling in a marked patrol car in the vicinity of Powhatan and Longwood Streets in Baltimore, Maryland, when they observed a red Ford Escort, Maryland license number 8DPR51, drive past a stop sign without stopping.  The officers activated their emergency lights and stopped the Escort in the 3000 block of Hilton Road.

Officer Oswald approached the front driver's-side door of the Escort and asked the driver, later identified as the Defendant, John Wesley Robinson, Jr., for his driver's license and registration.  Mr. Robinson produced a driver's license in his name and a registration card indicating that the car belonged to Crystal Sharice Gilliam.  Throughout the encounter, Mr.

1

Robinson continued to talk on a cellphone and appeared nervous.  Officer Oswald also observed Mr. Robinson reaching several times towards a black bookbag that was sitting on the front passenger seat of the Escort.  Although Officer Oswald repeatedly asked Mr. Robinson to end his phone conversation and to roll down his window, Mr. Robinson refused to comply.  Mr. Robinson again reached for the black bookbag and when he lifted a flap on the bag, Officer Herman, who was standing on the passenger side of the vehicle, saw what appeared to be the handle of a dark colored handgun.  Mr. Robinson was then removed from the car and the officers recovered from the front passenger seat, underneath the black bookbag, a Taurus, Model PT 247, 9mm pistol, serial number TXB49122, loaded with nine rounds of ammunition.  Mr. Robinson was then placed under arrest and a search of his person yielded two clear pills containing a brown powder substance which was later found to be heroin.

As Mr. Robinson was loaded into a police transport vehicle, he spontaneously offered that he had found the gun in a garbage can.  Mr. Robinson was not being interrogated at the time he offered this statement.

## II.  Argument

Mr. Robinson has moved to suppress any evidence recovered or statements made by him on June 19, 2008.  For the following reasons, the Defendant's motions should be denied:

**A.     Defendant's Motion to Suppress Tangible Evidence**

**1.  The Decision to Stop Mr. Robinson's Vehicle Was Justified**

A decision to stop an automobile is reasonable where a police officer has probable cause to believe a traffic violation has occurred, regardless of how minor the traffic offense may be. *See Whren v. United States*, 517 U.S. 806, 810 (1996); *Delaware v. Prouse*, 440 U.S. 648, 659

(1979); *Pennsylvania v. Mimms*, 434 U.S. 106, 109 (1977); *United States v. Hassan El*, 5 F.3d 726, 729 (4th Cir. 1993).  In the case at hand, Officers Herman and Oswald clearly saw Mr. Robinson drive past a stop sign without stopping.  Insofar as the failure to comply with a traffic control device constitutes a violation of the Maryland Transportation Code, § 21-201, the officers' decision to stop the Defendant's vehicle was fully justified and did not violate his Fourth Amendment rights.

### 2. The Arrest of the Defendant Was Supported By Probable Cause

It is well established that a police officer may effectuate the warrantless arrest of a person if the officer has probable cause to believe, based upon the totality of circumstances, that a felony is being committed or has been committed.  *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983).  Similarly, an officer is permitted to arrest an individual without a warrant if that person has committed a misdemeanor in the arresting officer's presence.  *Maryland v. Pringle,* 540 U.S. 366, 354 (2001).  Here, the officers observed Mr. Robinson reaching towards a handgun on the passenger seat of the Escort.  As the Maryland Criminal Code makes it a crime for a person to "wear, carry, or knowingly transport a handgun, whether concealed or open, in a vehicle traveling on a road or parking lot generally used by the public, highway, waterway, or airway of the State," Maryland Code, Criminal Law, § 4-203, the officers' decision to arrest Mr. Robinson was justified.

### 3. The Search of the Defendant's Person and Vehicle Was Justified

The warrantless search of a person incident to his arrest is a well established exception to the warrant requirement of the Fourth Amendment.  *United States v. Robinson,* 414 U.S. 218 (1973); *U.S. v. Currence*, 446 F.3d 554 (4th Cir. 2006).  Accordingly, the search of Mr.

Robinson's person incident to his arrest in no way violated the Fourth Amendment. As such, the two pills of heroin are admissible.

As well, when the occupant of a vehicle is lawfully arrested, the passenger compartment of the vehicle may be searched without a warrant when it is reasonable to believe that evidence relevant to the crime of arrest might be found in the vehicle. *Arizona v. Gant*, 129 S.Ct. 1710, 1719 (2009), *Thornton v. United States,* 541 U.S. 615, 621-624 (2004). In the case at hand, Mr. Robinson was removed from his car and subsequently arrested when Officer Herman observed a handgun on the passenger seat. Accordingly, it was reasonable for the officers to believe that evidence relevant to the crime of arrest (the gun itself), would be found in the vehicle.

**B.      The Court Should Deny the Defendant's Motion to Suppress Statements**

As the Supreme Court held in *Rhode Island v. Innis,* unprompted, voluntary statements that are not the product of interrogation or its equivalent are not barred by *Miranda*, even if the suspect was in custody when he made them. *Innis*, 446 U.S. 291, 299-301 (1980); *United States v. Wright*, 991 F.2d 1182, 1186 (4th Cir. 1993). In assessing voluntariness, courts consider the totality of the circumstances surrounding a statement. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973); *United States v. Locklear*, 829 F.2d 1314, 1317 (4th Cir. 1987). An incriminating statement is deemed involuntary only if the suspect's will has been "overborne and his capacity for self-determination critically impaired by police conduct." *Schneckloth*, 412 U.S. at 225.

Here, subsequent to his arrest, Mr. Robinson spontaneously volunteered that he had found the firearm the police had recovered from his vehicle in a garbage can. Although Mr. Robinson was in custody at the time and had not been given *Miranda* warnings, his statement to

the officers was spontaneous and were not in response to police interrogation. Therefore, as Mr. Robinson's statements were not the product of a custodial interrogation, they are not barred by *Miranda*. Accordingly, the Defendant's motion to suppress this statement should be denied.

### III.  Conclusion

Given that the officers had probable cause to stop and subsequently arrest Mr. Robinson and given that it was reasonable for the officers to believe that evidence relevant to that arrest would be found in the vehicle, Mr. Robinson's motion to suppress evidence should be denied. Likewise, given that Mr. Robinson's statement to the police that he had found the gun in a garbage can was entirely spontaneous and voluntary, and in no way the product of a custodial interrogation, his motion to suppress statements should, likewise, be denied.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


By: _____/s/_____
Clinton J. Fuchs
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 29, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of such filing to the following registered CM/ECF users:

Brendan Hurson, Esq.
Tower II, Suite 1100
100 South Charles Street
Baltimore, Maryland 21201